United States District Court
Southern District of Texas
**ENTERED**
October 28, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MOISES SANCHEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-393 |
| § | |
| WILLIAM STEPHENS, *et al*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS ACTION

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that this action be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  However, due to Plaintiff's inability to communicate in English, it is respectfully recommended that this dismissal not be counted as a "strike" for purposes of 28 U.S.C. § 1915(g) even though the action is frivolous and fails to state a cognizable constitutional violation.

## I.    JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.   BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

### A.    Procedural background.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the McConnell Unit (MCU) in Beeville, Texas.  Plaintiff is a Mexican National and does not speak English. (D.E. 1, p. 4).  He has submitted an affidavit in Spanish.  (D.E. 2, p. 1).  He has also offered the affidavit of another offender, Michael Garrett, who testifies under oath that Plaintiff cannot speak English and that he has been trying to assist Plaintiff in his attempts to get legal materials, as well as in filing this lawsuit.  (D.E. 3, p. 1).  Plaintiff is complaining that he is being denied access to the courts in violation of his First Amendment rights because there are no written legal materials available in Spanish and because he has no one trained in the law to assist him with non-frivolous litigation to challenge his underlying conviction.  Plaintiff named the following individuals as

Defendants: (1) William Stephens, TDCJ-CID Director, Huntsville, TX; (2) Frank D. Hole, Access to Courts Manager, Huntsville, TX; and (3) Candace Moore, the MCU law librarian. (D.E. 1, p. 3).

On October 2, 2015, a *Spears*[1] hearing was conducted, during which Plaintiff testified via an interpreter. In addition, Plaintiff submitted numerous documents that he believes are relevant to his claims. (*See* D.E. 14). Plaintiff was also afforded an additional thirty (30) days to supplement his complaint should he so desire, but he declined to file any additional pleadings. The following allegations were made in Plaintiff's original complaint (D.E. 1), at the hearing, or in his supplemental documentation. (D.E. 14).

**B.    Underlying conviction, appeal, and collateral attacks.**

Plaintiff is currently serving a 50-year sentence for murder entered in Criminal Action No. F04-52902-UI, in the Judicial District Court No. 2, Dallas County, Texas. Plaintiff was convicted on August 4, 2005. (*See* D.E. 14, p. 1). Plaintiff's court-appointed defense counsel was fluent in Spanish.

At trial, the evidence established that Plaintiff and the deceased periodically lived together. *See Sanchez v. State,* 2006 WL 2709528, *1 (Tex. App.--Dallas, Sept. 22, 2006). On the morning of her murder, the deceased told Plaintiff that she was leaving him. *Id.* They argued, and when she turned to walk out of the apartment, Plaintiff

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

retrieved a shotgun from under the couch and shot her in the back of the head. *Id.* Plaintiff did not dispute these facts at the *Spears* hearing.

In his single point of error on appeal, Plaintiff argued that the trial court should have included the lesser included offense of manslaughter in the jury charge. *See Sanchez v. State,* 2006 WL 2709528, * 1. Plaintiff's appellate counsel did not speak Spanish.

The Dallas appellate court noted that it follows a two-prong test to determine if the trial court should have given a jury charge on a lesser included offense. *See Mathis v. State,* 67 S.W. 3d 918, 925 (Tex. Crim. App. 2002). The Court must first determine if the proof necessary to establish the charged offense must include the lesser included offense and if it does, whether some evidence exists that would allow a jury to find the accused guilty only of the lesser offense. *See Hampton v. State,* 109 S.W.3d 437, 440 (Tex. Crim. App. 2003). Manslaughter is a lesser included offense of murder. *Moore v. State,* 969 S.W.2d 4, 9 (Tex. Crim. App. 1998). "Manslaughter requires proof that the accused acted recklessly"—a substantial risk existed of which he was aware and consciously disregarded. *See Jackson v. State,* 115 S.W.3d 326, 330 (Tex. App.—Dallas 2003), aff'd 160 S.W.3d 568 (Tex. Crim. App. 2005). *See* Tex. Pen. Code Ann. §§ 6.03(c), 19.04(a). Evidence that an accused does not remember engaging in conduct that caused death does not raise the lesser included offense of manslaughter, and it is not evidence of recklessness. *See Schroeder v. State,* 123 S.W. 3d 398, 401 (Tex. Crim. App. 2003). Neither will denying intent to kill nor claiming accident support the trial court's

submitting a manslaughter instruction in its jury charge. *See Gilbert v. State,* 196 S.W.3d 163, 165 (Tex. App. – Houston [1st Dist.] 2005, pet. ref'd).

Detective Raymond Watts testified that he answered a shooting call at Plaintiff's residence. *Sanchez v. State,* 2006 WL 2709528, *2. Watts and another officer found Plaintiff holding the victim by her shoulders. *Id.* Plaintiff told Watts he shot the victim and where he put the gun. *Id.* Watts handcuffed Plaintiff. *Id.* Officer Wojcik with the Physical Evidence Section (PES) processes homicide scenes and takes photographs and fingerprints. *Id.* Wojcik testified that, based on the blood flow from the victim's head, it did not appear that she had been moved, nor did it appear that there had been any struggle or disturbance inside the house; everything was neat and orderly. *Id.* Plaintiff told PES that the shotgun was in the closet, and PES found a .410 gauge sawed-off shotgun in the closet hidden under some clothing. *Id.* The shotgun contained a spent shell and had hair on the end of its barrel. Wojcik testified that the hair came from blowback when the gun was discharged next to the deceased's head. *Id.* A forensic chemist testified that Plaintiff had either fired a weapon or had been in close proximity to a fired weapon. *Id.* The shotgun shell was determined to have been shot from the firearm in Plaintiff's closet. *Id.* Plaintiff testified that, on the day of the shooting, the deceased asked him to take her to her grandfather's house to get some clothes. *Id.* at 3. They began drinking, and eventually, Plaintiff asked the victim to take a bath with him, which she declined. *Id.* The deceased then confessed to having sex with Plaintiff's best friend, and she also said she was going to get involved with Plaintiff's cousins and uncles. *Id.* This information made Plaintiff very sad. *Id.* They began to fight and when the deceased tried to walk

away, Plaintiff tried to stop her, and she hit him. *Id.* at 4. Plaintiff got very angry, went to the couch, and got the gun. *Id.*

The appellant court found there was no evidence to show that Plaintiff recklessly disregarded a known risk to support an instruction regarding the lesser included offense of manslaughter; rather, he had acted intentionally and knowingly when he got the gun and shot the deceased. *Sanchez v. State,* 2006 WL 2709528, *5. His petition for discretionary review was denied on June 6, 2007. *Id.*

Under Texas law, Plaintiff had one year after the denial of his PDR to file an 11.07 writ of habeas corpus. He did not do so. (*See* D.E. 14, p. 1).

Plaintiff has offered no evidence to suggest that he filed a § 2254 federal petition for habeas corpus relief challenging his murder conviction in Dallas County, and he has two obvious obstacles. One, he was required to first exhaust his state court remedies, which he failed to do because he did not file a Texas state 11.07 petition for habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A). Second, he did not file his federal petition within one-year after expiration of direct review of his state sentence, and any federal petition would now be time barred. 28 U.S.C. § 2244(d)(1).

On April 15, 2015, Plaintiff filed with this Court a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary hearing. (*See Sanchez v. Stephens,* Case No. 2:15-cv-173). Plaintiff requested appointment of counsel on the grounds that his primary language is Spanish and that he does not have access to legal materials in Spanish. (Case No. 2:15-cv173, D.E. 12). By Memorandum and Recommendation entered September 28, 2015, the undersigned recommended that

Plaintiff's request for counsel be denied, and his § 2254 petition be dismissed because Plaintiff had no protected liberty interest in early release and the other punishments did not raise due process concerns as they did not affect the length or duration of his sentence. (Case No. 2:15-cv173, D.E. 13).

### C. Instant claims and grievances.

Plaintiff alleges that, on unspecified dates at the MCU, he requested access to legal books, legal materials, and legal forms in Spanish from Ms. Moore, but she refused to provide these materials to him. In fact, Ms. Moore did not respond to his grievances because she cannot read or speak Spanish. There are a few guards that will sometimes help Plaintiff with legal questions, but for the most part, he is on his own.

On September 23, 2013, Plaintiff filed an I-60 Request to Official inquiring about welding classes. (D.E. 14, pp. 4-5). He was told that he did not have the minimum EA scores needed to be considered for that program. *Id.* at 5.

On September 25, 2013, Plaintiff filed an I-60 Request to Official stating that he would like to attend GED classes or find out what steps he needed to take to enroll in school. (D.E. 14, pp. 2-3). There is no response to this grievance.

On March 27, 2015, Plaintiff filed a Step 1 grievance, Grievance no. 2015120854, alleging that he needed access to law books so that he could challenge his incarceration. (D.E. 14, pp. 6-7). By response dated June 25, 2015, Warden Putnam responded:

> Your complaint has been noted. Investigation reveals that you are not being denied Access to Courts. A review of records revealed 3 requests for legal material in which you were provided the requested material. The requests did not

      reflect that you were in need of assistance nor were they written in Spanish. No further action is warranted.

D.E. 14, p. 7).

On July 2, 2015, Plaintiff filed a Step 2 appeal of Grievance no. 2015120854. (D.E. 1, pp. 8-9). Ricky Pool, the Assistant Program Manager for Access to Courts, related that Plaintiff is on the list of monolingual offenders at the MCU. *Id.* at 9. In accordance with ATC-050, the law library is required to maintain a list of bilingual offenders who are willing to assist other offenders. *Id.* Plaintiff was advised to contact the Unit law library supervisor and ask for their assistance. *Id.*

Plaintiff is requesting that Defendants be required to provide legal materials in Spanish. He is also seeking $900,000 in compensatory damages.

## III.   DISCUSSION.

###     A.     Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The

complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

### B. Eleventh Amendment immunity and official capacity claims.

Plaintiff does not state whether he is suing Defendants in their official or individual capacities, and therefore, it is assumed that he is suing them in both.

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing any Defendant in his or her official capacity for monetary damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against all Defendants in their official capacities be dismissed with prejudice as barred by the Eleventh Amendment.

C. **Denial of access to the courts.**

Plaintiff alleges that Mr. Stephens, Mr. Hoke, and Ms. Moore, have denied him access to the courts by not providing him legal material in Spanish, and by failing to make available Spanish-speaking legal assistants..

Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that

he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Plaintiff claims that he is prejudiced in general by not having Spanish legal materials available. However, neither the United States Constitution nor the laws of the United States require the availability of Spanish legal texts or interpreters for Spanish-speaking inmates to access the courts. And in *Lewis,* the Supreme Court indirectly rejected a *per se* requirement of Spanish legal authorities, while acknowledging that the lack thereof *could* support an access to court claim *if there is prejudice:*

> When an inmate, even an illiterate or non-English speaking inmate, shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates that the State has failed to furnish "adequate law libraries or adequate assistance from persons trained in the law."

*Lewis,* 518 U.S. at 356 (quoting *Bounds*, 430 U.S. at 828).

Therefore, to prevail on a denial of access to courts claim, Plaintiff must show that because of the alleged lack of bilingual legal assistance or materials, he lost an actionable claim or was prevented from presenting such a claim. Nothing in his complaint suggests that he was prejudiced in a nonfrivolous lawsuit or prevented from filing a nonfrivolous claim.

Plaintiff failed to timely file an 11.07 petition. However, his PDR was denied on June 6, 2007, and he did not write to the state Counsel for offenders or otherwise pursue his state habeas rights for over five years. Nowhere in his complaint does Plaintiff blame this failure to act timely on his inability to access Spanish law books. Moreover, Plaintiff testified that he is able to find assistance at the library when he needs it, and Assistant Manager Pool's July 31, 2015 grievance response states that there is an Access to Courts policy, ATC-050, that requires Unit law libraries to maintain a list of bilingual offenders who will assist monolingual offenders with their legal matters. (D.E. 14, p. 9). Plaintiff was able to file this lawsuit and present his claims with such assistance.

Most importantly, Plaintiff is unable to establish that he has been prejudiced in any nonfrivolous litigation to state a valid claim for denial of access to the courts. He most recently challenged a prison disciplinary hearing, and, although he did not prevail on his claim, there is no indication that he missed deadlines or could not respond to court orders or otherwise comply with Court directives. Plaintiff fails to establish any prejudice, and accordingly, he fails to state a claim for denial of access to the courts against any Defendant.

## IV.     RECOMMENDATION.

Plaintiff has no Constitutional right to a legal library in Spanish, and the TDCJ-CID has taken efforts to provide bilingual assistance to monolingual inmates. Plaintiff has failed to show that he has been prejudice in any pending, nonfrivolous legal matter. Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants in their official capacities for monetary damages be dismissed with prejudice as barred by

the Eleventh Amendment, and that Plaintiff's First Amendment claims against Defendants be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1).  Because of the language barrier, it is respectfully recommended that this dismissal not count as a "strike" for purposes of 28 U.S.C. § 1915(g), but that Plaintiff be cautioned that future frivolous filings will so be counted.

    Respectfully submitted this 28th day of October, 2015.

                                    Jason B. Libby
                          United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).