United States District Court
Southern District of Texas
**ENTERED**
November 30, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MOISES  SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-393 |
| | § | |
| WILLIAM  STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND**
**RECOMMENDATION TO DISMISS ACTION**

Pending before the Court is United States Magistrate Judge Jason B. Libby's "Memorandum and Recommendation to Dismiss Claim" (M&R, D.E. 15), issued October 28, 2015, and recommending that Plaintiff's civil rights complaint be dismissed for failure to state a claim upon which relief may be granted and/or as frivolous.  Plaintiff timely filed two affidavits and his objections (D.E. 16, 17, and 18) on November 9, 2015.

Plaintiff first objects that the analysis in the M&R fails to apply the standard of review correctly in liberally construing Plaintiff's pleading in his favor.  He further suggests that the affidavit testimony offered sets forth his unconstitutional treatment.  Plaintiff fails to identify with particularity what facts were not construed in his favor or what unconstitutional treatment is demonstrated by his affidavit.  Upon review of the Complaint and supporting materials, along with the M&R, the Court concludes that the Magistrate Judge stated the correct standard of review and applied it properly.

The Magistrate Judge construed Plaintiff's claims against each Defendant to be made in both their official and individual capacities.  The claims for damages against the Defendants in their official capacity were recommended for dismissal as barred by the Eleventh Amendment, a conclusion that Plaintiff does not challenge.  The Magistrate Judge then evaluated the denial of access to courts claim by looking for an injury associated with that claim because it is not a freestanding right.

The Complaint states that "Plaintiff is being substantially harmed because he cannot petition to the courts (either state or federal; to litigate any claims criminal or civil)."  D.E. 1, p. 4.  This statement is conclusory and global, failing to identify any particular claim that could have merit.  While the declaration of Michael Garrett refers to Plaintiff's desire to challenge his holding conviction in state court, he does not allege the substance of any such challenge in order to demonstrate that it is non-frivolous.  D.E. 3. Nor does he state why five years have elapsed since that conviction without any challenge.  *Id.*  This level of detail is required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The Magistrate Judge correctly concluded that Plaintiff has not pled any viable legal right that was lost because of his inability to obtain either legal materials in Spanish or Spanish-speaking assistance.  His five-year delay in seeking any relief on his holding conviction is not explained at all, much less in terms of a request for, and failure to obtain, Spanish language materials or assistance.   He has managed to prosecute grievances and this action despite the language barrier.   Thus Plaintiff has not

demonstrated the injury requirement of a denial of access to courts claim and his first objection is **OVERRULED**.

Second, Plaintiff objects that his request for injunctive relief is not barred by the Eleventh Amendment, due to the decision in *Ex Parte Young*, 209 U.S. 123 (1908). Plaintiff is correct in his substantive assertion about the law.  However, the M&R does not recommend denying the claim for injunctive relief on that basis.  Instead, the remaining claims—both those for injunctive relief and those for monetary damages against Defendants in their individual capacities—fail due to Plaintiff's inability to demonstrate harm associated with his alleged denial of access to Spanish-language materials or Spanish-speaking persons to aid him.   Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff claims that he has standing to proceed on his claim of a denial of access to courts.  The concept of standing is related to the statement of an injury resulting from the alleged denial of a constitutional right.  As demonstrated above, Plaintiff has failed to allege a viable injury and thus does not have standing to proceed on his claim. Even in his objection, he states only, "Plaintiff has lost all actionable claims or was prevented from presenting such claims because of the alleged denial."  D.E. 18, p. 2. This statement is conclusory and fails to set out what claims have been lost.  Without such information, he has not demonstrated standing.   Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff objects that the M&R's refusal to allow him to proceed on the claims made in this case illustrates the prejudice he experiences from denial of access to courts.  Plaintiff does not demonstrate harm by losing a case because he failed to demonstrate harm in connection with his claims.   Plaintiff's fourth objection is **OVERRULED**.

Fifth, Plaintiff objects that the assistance of bilingual inmates and the presence of a law librarian who does not speak Spanish is insufficient because those persons are not trained in the law or cannot provide adequate assistance due to the language barrier. Plaintiff does not demonstrate a constitutional right to effective assistance of legal counsel without setting out what legal issue he needs assistance for.   As the M&R illustrates, Plaintiff had the assistance of bilingual defense counsel for the criminal charges on which he was convicted.  He also had counsel that prosecuted an appeal of his conviction.   The Supreme Court has held that a convicted defendant has no Sixth Amendment right to counsel in post-conviction habeas proceedings.  *Irving v. Hargett*, 59 F.3d 23, 26 (5th Cir. 1995) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Plaintiff's fifth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and

conclusions of the Magistrate Judge.  Accordingly, this action is **DISMISSED WITH PREJUDICE** for failure to state a claim and/or as frivolous.

ORDERED this 30th day of November, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE